DECISION AND JOURNAL ENTRY
Appellant Heather Farris has appealed from an order of the Summit County Common Pleas Court, Juvenile Division, that terminated her parental rights and awarded permanent custody of Karissa Ferris to Summit County Children Services Board (CSB). This Court affirms.
 I.
On February 26, 1999, the juvenile court involuntarily terminated Appellant's parental rights and responsibilities concerning Karissa's siblings, Tessa, James, Cheyanne, and DeVon Farris. During July 1999, Kimberly Nelson, the guardian ad litem for Karissa, learned that Appellant was pregnant with Karissa. Ms. Nelson immediately notified CSB. During her pregnancy, Appellant was arrested for Drug Trafficking and placed on probation.
On December 27, 1999, Appellant gave birth to Karissa. Both Appellant and Karissa tested positive for amphetamines and methamphetamines. As a result of Appellant's drug use, Karissa was born with large bleeding blisters on her buttocks and suffered from tremors, which are similar to seizures. Karissa was also fed through a tube in her stomach because she could not suck, swallow, and breathe at the same time. CSB filed a motion for emergency temporary custody on December 29, 1999, which the juvenile court granted.
On March 10, 2000, CSB filed a motion to determine that reasonable efforts to reunite Karissa with Appellant were not necessary pursuant to R.C. 2151.419(A)(2). The guardian ad litem filed a brief in support of CSB's motion, which explained Appellant's ten-year involvement with CSB due to her alcohol and drug addictions. The juvenile court scheduled a hearing on March 13, 2000.
At the hearing, the juvenile court took judicial notice of the certified journal entries in which Appellant's parental rights were terminated with respect to Karissa's four siblings. Appellant's attorney objected to the admission of the journal entries; however, the record reveals that the entries were already accepted into evidence as part of the February 24, 2000 adjudication hearing. Appellant's attorney also argued that R.C. 2151.429 was not retroactive. CSB then introduced testimony concerning Appellant's involvement with the agency and her failed attempts at treatment. Appellant did not offer any testimony. On March 21, 2000, the juvenile court granted CSB's motion, and the matter was set for trial. During the termination proceeding, Appellant's attorney continued to object to the evidence of the prior termination proceeding. The juvenile court granted CSB's motion for permanent custody on May 10, 2000. Appellant timely appealed, asserting three assignments of errors.
 II. A. Assignment of Error Number One The application of [R.C. 2151.414 and 2151.419] in their amended form denied Appellant her right to due process in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 In her first assignment of error, Appellant has asserted that the trial court's application of amended R.C. 2151.414 and 2151.419 violated her Due Process right to notice.[1] The crux of Appellant's argument is that her Due Process rights were violated because the juvenile court did not inform her of the future changes in the law during her prior termination proceeding. This Court is not inclined to accept Appellant's proposition.
Initially, this Court notes that a legislative enactment is presumed to be constitutional. State v. Cook (1998), 83 Ohio St.3d 404, 409. Before a court may declare a statute unconstitutional, the challenging party must establish beyond a reasonable doubt that the legislation and constitutional provisions are incompatible. Id.
Termination of parental rights is an alternative of last resort; however, it is sanctioned when necessary for the welfare of a child. Inre Wise (1994), 96 Ohio App.3d 619, 624. Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child who is neither abandoned nor orphaned, it must find by clear and convincing evidence that the grant of permanent custody to the agency is in the best interest of the child and that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.[2] See R.C. 2151.414(B)(1); see, also, Inre William S. (1996), 75 Ohio St.3d 95, 99.
Former R.C. 2151.419(A) placed the burden upon the agency to prove that it has made reasonable efforts towards making it possible for the child to return home. However, the amended statute allows the agency to bypass reasonable efforts in reuniting the parent and child if "[t]he parent from whom the child was removed has had parental rights terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child." R.C. 2151.419(A)(2)(e).
Furthermore, R.C. 2151.414(E) provides, in pertinent part:
 In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
* * *
 (11) The parent has had parental rights terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child.
 In the case at bar, Appellant challenged the introduction of her previous termination proceeding as evidence. Essentially, Appellant argued that she had no notice that her failure to prevail in the previous termination proceeding would be used as evidence against her in the case at bar. The record reveals that the changes in the statute had taken effect before Karissa was born. Furthermore, Appellant was present at every stage of the permanent custody trial. In light of the foregoing, Appellant has failed to demonstrate that she was not provided notice of the amended changes in R.C. 2151.419 and 2151.419. Appellant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court erred in its retroactive application of [R.C. 2151.414 and 2151.419] in violation of Article II, Section 28 of the Ohio Constitution.
 In her second assignment of error, Appellant has argued that the retroactive application of R.C. 2151.419 and 2151.414 violated her constitutional rights. This Court disagrees.
When ruling upon a motion for permanent custody, a juvenile court should apply the version of the statute in effect at the time that the motion for permanent custody was filed. See In re Douglas Seal (Mar. 16, 1998), Clermont App. No. CA97-07-066, unreported, 1998 Ohio App. LEXIS 1002, at *7, fn. 3. This Court notes that the plain language of the amended statute provides an additional factor for courts to consider; whether a parent has had their parental rights terminated in a prior proceeding. See R.C. 2151.419(A)(2)(e) and 2151.414(E)(11). As previously mentioned, the changes in the statute had taken effect before Karissa was born. Thus, the juvenile court did not retroactively apply the statutes in the present case because the amended statutes were in effect at the time of the permanent custody proceeding. Appellant's second assignment of error is overruled.
 C. Assignment of Error Number Three The application of [R.C. 2151.419 and 2151.414] in their amended form denied Appellant her right to equal protection in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Ohio Constitution.
 In her third assignment of error, Appellant has asserted that amended R.C. 2151.419 and 2151.414 violated her equal protection rights by discriminating against a class of parents who have had their parental rights involuntarily terminated. This Court disagrees.
The Equal Protection Clauses of the Ohio and United States Constitutions prevent the government from treating people differently under its laws on an arbitrary basis. State v. Williams (2000),88 Ohio St.3d 513, 530. Under the Equal Protection Clause, the enacted legislation is generally subject to a rational basis analysis. Id. A reviewing court will uphold the state action if it bears a rational relationship to a legitimate governmental interest. Id. The rational basis level of scrutiny is discarded where the challenged statute involves a suspect class or fundamental right. Id. The Ohio Supreme Court defined a suspect class as one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." Id., citingMassachusetts Bd. of Retirement v. Murgia (1976), 427 U.S. 307, 313,49 L.Ed.2d 520, 525. Moreover, the court recognized that that the only "suspect" classifications are those involving race, alienage, and ancestry. Id.
In the case at bar, Appellant has provided no explanation of how the trial court's use of her prior termination proceeding placed her in a "suspect" class. Before Sub.H.B. 484, the juvenile court could consider a prior termination proceeding pursuant to the catchall provision of R.C. 2151.414(E)(16). The evidence of a prior termination proceeding could have been one of the factors that the juvenile court considered when determining whether the grant of permanent custody to an agency is in the best interest of the child. Based on the foregoing, Appellant's third assignment of error is without merit.
 III.
Appellant's assignments of error are overruled. The judgment of the juvenile court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J. CARR, J. CONCUR
[1] This Court notes that the relevant provisions in R.C. 2151.414 and2151.419 were enacted pursuant to Sub.H.B. 484, effective March 18, 1999. Shortly thereafter, the statutes were again amended pursuant to Sub.H.B. 176, effective October 29, 1999. The most recent amendments, however, did not substantially change the relevant provisions in the case at bar.
[2] This Court will not address whether the evidence in this case supported the juvenile court's findings because Appellant has only challenged the constitutionality of R.C. 2151.419 and 2151.414.